B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
Case No. 11–20090
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   John Kilmartin
   5251 W. 157th Street
   Unit 8
   Oak Forest, IL 60452

Social Security / Individual Taxpayer ID No.:
   xxx−xx−9419

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                      FOR THE COURT

Dated: <u>August 17, 2011</u>                 <u>Kenneth S. Gardner, Clerk</u>
                                             United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

```
                              United States Bankruptcy Court
                              Northern District of Illinois
In re:                                                                  Case No. 11-20090-PSH
John Kilmartin                                                          Chapter 7
        Debtor
                                   CERTIFICATE OF NOTICE
District/off: 0752-1           User: admin                 Page 1 of 1                  Date Rcvd: Aug 17, 2011
                               Form ID: b18                Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 19, 2011.
db           +John Kilmartin,    5251 W. 157th Street,    Unit 8,   Oak Forest, IL 60452-3343
aty          +Mohammed O Badwan,     Sulaiman Law Group, LTD,    900 Jorie Blvd Ste 150,
               Oak Brook, IL 60523-3810
17261637     +Citifinancial,    300 Saint Paul Pl,    Baltimore, MD 21202-2120
17261640     +First Midwest Bank/Na,    300 N Hunt Club Rd,    Gurnee, IL 60031-2502
17261642     +National Credit Soluti (Original Cr,    Po Box 15779,    Oklahoma City, OK 73155-5779

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr           +EDI: QDMGUTFELD.COM Aug 18 2011 00:18:00      Deborah Michelle Gutfeld,
               Neal Gerber & Eisenberg LLP,    2 N LaSalle St, Ste 1700,    Chicago, IL 60602-4000
17261643      EDI: AGFINANCE.COM Aug 18 2011 00:18:00       Springleaf Financial S,   3200 W 159th St Ste B,
               Markham, IL 60428
17261639      E-mail/Text: Group_Legal@creditunion1.org Aug 18 2011 00:42:30       Cu 1,
               200 E. Champaign Avenue,    Rantoul, IL 61866-2930
17261641     +EDI: FORD.COM Aug 18 2011 00:18:00      Frd Motor Cr,    Pob 542000,   Omaha, NE 68154-8000
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
17261638     ##+Citimortgage Inc,    Po Box 9438,   Gaithersburg, MD 20898-9438
                                                                                   TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.   The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 19, 2011**          **Signature:** _Joseph Speetjens_